ROBERT FEUCHTBAUM AND JACQUELINE FEUCHTBAUM, HIS WIFE, PLAINTIFFS, v. ANSEHNO AND FRANCESCO CONSTANTINI, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided June 15, 1970.

*Mr. Richard M. Fishkin* for plaintiffs (*Messrs. Fishkin & Fleisher,* attorneys).

*Mr. Salvatore L. Franchino* for the New Jersey Unsatisfied Claim and Judgment Fund.

CONVERY, J. S. C.  Plaintiffs Robert Feuchtbaum and Jacqueline Feuchtbaum, his wife, make application for an order permitting them to serve defendants by substituted service upon the Uninsured Motorists Fund as defendants' insurers since they cannot be served and are avoiding service, under *R.* 4:4–4(i), which provides:

> If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process of law.

This action arose out of an automobile accident on U. S. Route 1 in Lawrence Township, New Jersey, on January 16, 1969. Suit was filed with the Superior Court clerk on December 4, 1969 and immediately sent to the sheriff of Middlesex County for service upon defendants at their last known address, 919B Village Drive East, North Brunswick, New Jersey, came back "defendants have moved." A check with the Director of Motor Vehicles as to a new address listed the same 919B or 9198 Village Drive East,

North Brunswick, New Jersey. Service was again attempted upon defendants at either of the above addresses, without success.

Defendants had heretofore, in May 1969, contacted an attorney for representation in this matter. Upon contacting the law firm plaintiffs were advised that defendants' last known address was 919B Village Drive East, North Brunswick, New Jersey, and it had not heard from them for some months.

Defendants cannot be served at any of the addresses brought to plaintiffs' attention. They know the pendency of this action. The Uninsured Drivers Fund has been given notice of the pendency and has participated in requesting information.

Counsel for the Unsatisfied Claim and Judgment Fund opposes this motion, relying on the recent case of *Last v. Burns,* 108 *N. J. Super.* 525 (Law Div. 1970). In that case, similar on the facts to this case, a motion to permit substituted service on the Unsatisfied Claim and Judgment Fund in lieu of service upon defendants personally was denied. The court, in rendering its decision, concluded that there is no authority permitting the Fund to accept substituted personal service on a known but absent defendant.

While it is true that there is no explicit authority, in either statutory or case law, which provides for substituted service upon the Fund in lieu of service upon defendants themselves, this form of service is implicitly authorized by the purposes for which the Fund was instituted, and is proper under *R.* 4:4–4(i).

The Legislature's purpose in establishing the Fund and delineating its responsibilities is set forth in *Douglas v. Harris,* 35 *N. J.* 270 (1961):

* * * The purpose of the Fund is to provide a measure of relief to persons who sustain losses or injury inflicted by financially irresponsible or unidentified operators of motor vehicles, where such persons would otherwise be remediless. *Corrigan v. Gassert,* 27 *N. J.* 227 (1958) ; *Dixon v. Gassert,* 26 *N. J.* 1 (1958). The statute is to

be liberally construed to advance the remedy, due regard being had to the protection of the Fund against fraud and abuse and to the fulfillment of the essential legislative policy. *Giles v. Gassert,* 23 *N. J.* 22, 34 (1956). [at 279]

The result reached in *Last v. Burns, supra,* is in my opinion violative of the legislative intent behind the Fund law in that it leaves remediless a class of persons for whose benefit that law was adopted: a person who has suffered injury at the hands of a financially irresponsible driver.

█ The facts of this case place plaintiffs midway between the two sets of circumstances in which the Fund is bound by statute to pay claims arising out of automobile accidents involving uninsured motorists. Plaintiffs' automobile was struck by another vehicle driven by an uninsured motorist, one Francesco Constantini, against whom plaintiffs instituted suit but who now cannot be located and served. If it were possible to locate and serve Constantini the Fund could be brought into the case under the procedure outlined in *N. J. S. A. 39:6–65* through 70.

If defendant had fled immediately after the accident, rather than some time later, and had not been identified, the Fund could have been brought in under *N. J. S. A. 39:6–78,* which provides for "hit and run" cases. Here, however, we have the case of an uninsured defendant who is known but absent, and who is presumably avoiding service of process. To deny plaintiffs access to the Fund on these facts which, while they present a situation not specifically provided for, clearly include plaintiffs within the class of persons the Fund was instituted to protect, would be to disregard the legislative intent of the Fund statute.

█ The purpose of this statutory scheme is to provide all such innocent victims with a means to redress the injuries they have suffered. Our courts have recently permitted substituted service upon the insurance carrier of an insured defendant in a motor vehicle case where the defendant is known and avoids service of process. *Young v. Bunny Bazaar, Inc.,* 107 *N. J. Super.* 320 (Law Div. 1969).

To deny a plaintiff injured by an uninsured motorist, and who must look to the Fund for relief, a similar remedy against an uninsured defendant who avoids service, is inconsistent with the intent of our comprehensive statutory plan to provide protection for the innocent victims of automobile accidents.

Plaintiffs have given the Fund proper notice of the happening of the accident complained of and have made diligent efforts to serve defendants. Therefore, for the reasons stated above this motion is hereby granted.